# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **ROBERT THUNE, MD,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 08-1235-MLB |
| ) | |
| **ERIC K. SHINSEKI, SECRETARY,** ) | |
| **DEPARTMENT OF VETERANS** ) | |
| **AFFAIRS,**[1] ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## MEMORANDUM AND ORDER

Defendant filed a motion for a more definite statement (Doc. 16, filed December 19, 2008) and motion to strike plaintiff's "supplements." (Doc. 17, filed December 19, 2008) Plaintiff filed no response to either motion. Because plaintiff proceeds pro se, defendant moves for an order directing plaintiff to show cause why the two motions should not be granted as uncontested. (Doc. 19, filed January 22, 2009) Once again, plaintiff filed no response to defendant's show cause motion. For the reasons set forth below, the motion for a more definite statement shall be GRANTED and the motion to strike shall be GRANTED IN PART. Defendant's motion for a show cause order is MOOT and therefore DENIED.

---

[1] On January 21, 2009, Eric K. Shinseki became the Secretary of the Department of Veterans Affairs, succeeding James B. Peake. Pursuant to Fed. R. Civ. P. 25(d), Secretary Shinseki is automatically substituted as a party.

### Motion for a More Definite Statement (Doc. 16)

Defendant concedes that plaintiff is suing the VA for age discrimination and retaliation; however, defendant argues that plaintiff does not describe "with any specificity which employment opportunities he claims to have been wrongly denied." Because the VA cannot determine what specific claims Dr. Thune asserts in this case, it cannot answer his complaint in a meaningful and complete manner. The court agrees. Accordingly, defendant's motion shall be GRANTED.

**IT IS THEREFORE ORDERED** that defendant's motion for a more definite statement of his claims **(Doc. 16)** is **GRANTED.** Plaintiff shall file a more definite statement, in the form of a second amended complaint, setting forth the specific positions for which he applied but was denied due to age discrimination and/or retaliation. In addition, Dr. Thune shall clearly and concisely set forth when and how he exhausted his administrative remedies. The second amended complaint shall be filed on or before **February 24, 2009. Failure to comply with this order may result in the imposition of sanctions, up to and including dismissal of the case without further notice by the court.**

### Motion to Strike Supplements (Doc. 17)

Plaintiff filed seven "supplements" (Doc. 2-6, 9 and 13) in support of his complaint. The "supplements" contain an assortment of documents and exhibits, including partial transcripts, email messages, letters, policy statements, computer printouts, and affidavits.

Defendant moves to strike supplement Nos. 3-6, 9 and 13, arguing that the supplements are an improper amendment to the complaint and in violation of Fed. R. Civ. P. 15(a)(2). More importantly, defendant argues that the supplements are unnecessary and fail to set forth plaintiff's claim in a clear and concise fashion as required by Fed. R. Civ. P. 8.

The court agrees that plaintiff's "supplements" are inconsistent with the requirement in Rule 8 that plaintiff's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Accordingly, defendant shall be excused from filing an answer or response to the supplements. However, the supplements shall remain part of the record pending further order of the court.

**IT IS THEREFORE ORDERED** that defendant's motion to strike **(Doc. 17)** is **GRANTED IN PART**, consistent with the ruling expressed herein.

### Motion to Show Cause

Defendant's motion for an order to show cause is an unnecessary delay. Moreover, the motion is moot in light of the above rulings.

**IT IS THEREFORE ORDERED** that defendant's motion for an order to show cause **(Doc. 19)** is **MOOT** and therefore **DENIED.**

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 10th day of February 2009.

>S/ Karen M. Humphreys
>KAREN M. HUMPHREYS
>United States Magistrate Judge